|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| * * * | |
| Cristiano Amparo and Abel Millares-Rojas, | Case No. 2:24-cv-00394-JAD-BNW |
| Plaintiffs, | **ORDER and REPORT AND RECOMMENDATION** |
| v. | |
| United States of America ex rel. United States Postal Service, et al., | |
| Defendants. | |

This is a personal-injury case in which one plaintiff appears to have abandoned his claims. In late August, Plaintiffs' counsel moved to withdraw as counsel for Mr. Amparo because he stopped communicating with them and failed to appear for his deposition. ECF No. 43. Plaintiffs' counsel explained that Mr. Amparo's absence from the case had hindered discovery for Plaintiff Abel Millares-Rojas, whom they also represented, and Defendants. *Id.* Indeed, there is a pending motion to compel the deposition of Mr. Amparo. ECF No. 48. This Court set a hearing on the motion to withdraw and ordered counsel to serve a copy of the minute order on Mr. Amparo. ECF No. 44. They did so. ECF No. 45.

At the hearing, which Mr. Amparo did not attend, this Court granted the motion to withdraw. ECF No. 46. It ordered Mr. Amparo to indicate whether he wished to continue prosecuting his case on his own or with new counsel by October 5, 2025. *Id.* It further warned him that failure to notify the Court may result in dismissal of his claims. *Id.* Counsel served a copy of the minutes of proceedings on Mr. Amparo. ECF No. 47. However, he has not filed a notice with the Court or otherwise indicated that he wishes to pursue his claims. Because Mr. Amparo has abandoned the prosecution of his case despite orders and warnings from this Court, it is recommended that his claims against Defendants be dismissed. Consequently, this Court denies the pending motion to compel his deposition (ECF No. 48) without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Mr. Amparo's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Mr. Amparo has failed to notify the Court about his intentions to pursue his case or otherwise participate in this action, despite a court order, the only alternative is to enter another order directing him to do so. The circumstances here do not indicate that Mr. Amparo needs additional time nor is there evidence that he did not receive the Court's orders given that

counsel served him the minute order and minutes of proceedings. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED that** Mr. Amparo's claims be dismissed for failure to follow a court order and participate in his case by the ordered deadline. This case will still proceed on Plaintiff Abel Millares-Rojas's claims against Defendants.

**IT IS ORDERED** that Defendant's motion to compel the deposition of Mr. Amparo (ECF No. 48) is **DENIED** without prejudice.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 15, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE